UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20-cv-02369 |
| | ) | |
| SECURITY CREDIT SERVICES, LLC | ) | |
| d/b/a EQUIPRO INVESTMENTS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO RECONSIDER NOVEMBER 4, 2021 ORDER (ECF #67)**

Defendant, Security Credit Services, LLC ("SCS"), through its undersigned counsel, hereby replies to Plaintiff's response in opposition to SCS' Motion to Reconsider as follows:

I. THIS COURT HAS INHERENT AUTHORITY TO RECONSIDER THE NOVEMBER 4, 2021 ORDER.

Plaintiff first contends that SCS' Motion should be denied outright because Rule 60(b) does not apply to the interlocutory order for which SCS' seeks reconsideration. As SCS previously pointed out in its motion to stay the pleading deadline (ECF #76), however, regardless of the applicability of Rule 60(b), as this Court has previously and correctly held: "District courts possess the inherent authority to modify interlocutory orders."[1] *United States SEC v. Nat'l Presto Indus.*, 2004 U.S. Dist. LEXIS 7392, *3 (N.D. Ill. Apr. 27, 2004) (Norgle, J.); *see also Cameo Convalescent Centers, Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986) ("The district court has the discretion to make a different determination of any matters that have not been taken to judgment or determined

---

[1] *See also* Fed. R. Civ. P. 54(b) ("Any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.")

1

on appeal."). Rule 1 therefore dictates that in the event Rule 60(b) does not apply, this Court nonetheless consider SCS' arguments for reconsideration. *See* Fed. R. Civ. P. 1 (the rules of civil procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

The Seventh Circuit and this Court recognize that a motion to reconsider an interlocutory order is appropriate if: (1) the Court has patently misunderstood a party; (2) the Court has made a decision outside the adversarial issues presented by the parties; (3) the Court has made an error of apprehension; or (4) there is a controlling or significant change in the law or facts. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *Nat'l Presto Indust.*, 2004 U.S. Dist. LEXIS 7392 at *4. Here, extraordinary circumstances exist to support reconsideration based on the first and second categories – i.e. the Court has patently misunderstood SCS and/or made a decision outside the adversarial issues which SCS sought to present – because despite SCS notifying the Court that it intended to voice its objections at the scheduled motion hearing, the Court granted Plaintiff's motion for leave without first allowing SCS to be heard.[2] The Seventh Circuit has specifically recognized the utility of a motion to reconsider for misunderstood litigants such as SCS: "A grievous wrong may be committed by some misapprehension or inadvertence by the judge for which there would be no redress, if this power did not exist." *Bank of Waunakee*, 906 F.2d at 1192. Accordingly, SCS has demonstrated that reconsideration is warranted. SCS therefore turns next to the objections to the motion for leave it intended to raise prior to the entry of the November 4, 2021 Order which SCS respectfully requests the Court now consider.[3]

---

[2] These are the same reasons SCS contended it satisfied the "surprise" element of Rule 60(b)(1) and "any other reason that justifies relief" under Rule 60(b)(6). Thus, contrary to Plaintiff's assertions in his Response brief, Defendant did specifically identify the basis for the relief sought under Rule 60(b)(1) and (b)(6).

[3] Plaintiff confuses the issues in contending that reconsideration is not warranted because undue delay, undue prejudice and futility are not grounds for reconsideration. As plainly set forth in SCS' Motion, however,

2

II. UNDUE DELAY JUSTIFIES REVERSAL OF THE NOVEMBER 4, 2021 ORDER.

Plaintiff attempts to downplay his delay in moving to add class claims by asserting that he moved "a tad over 3.5 months" of the Court's order on summary judgment. This argument is misplaced for two (2) obvious reasons. ECF #80, p. 8. First, the close to four (4) months that it took to move after the summary judgment order demonstrates in and of itself undue delay. *See Johnson v. Methodist Medical Center of Illinois*, 10 F.3d 1300, 1304 (7th Cir. 1993) (affirming denial of third amended complaint where motion was made approximately four (4) months after plaintiff acknowledged learning of the allegations giving rise to the new negligence claims via a deposition). Second, the order on summary judgment is not the event giving rise to Plaintiff's knowledge of the thousands of individuals whom SCS similarly purchased debts for which per Plaintiff's own motion for leave is the fact "that would support the pursuit of the case on class basis." *See* ECF #64, p. 2 ¶3. No, that knowledge, per the very cite contained in Plaintiff's motion for leave, was obtained on April 12, 2021, when SCS conveyed that it had purchased 14,000 accounts from PenFed. *See id.* (citing ECF#50-5 at p. 3). Accordingly, the delay at issue is not a "tad over 3.5 months" but rather closer to six (6) months as argued in SCS' Motion.

Next, despite specifically basing his motion to add class claims on the thousands of accounts purchased by SCS, Plaintiff now contends such grounds do not in and of itself support the class claims because he also needs to know how many of those thousands previously disputed and whether Defendant's net worth supports class relief. This argument similarly lacks merit for two (2) reasons. First, if the basis presented to this Court for adding class claims is "worthless" as Plaintiff now asserts, then Plaintiff has hardly made a case for himself as to why the November 4,

---

such arguments were not put forth as the basis for reconsideration but rather as the objections that the Court should take into consideration should it agree to reconsider its November 4, 2021 Order.

3

2021 should not be reversed. *See* ECF #80, p. 8. Second, there can be no dispute that Plaintiff was not in possession of information regarding other persons' disputes or SCS' net worth when he filed his motion for leave,[4] thus such information could hardly have been the information giving rise to the class claims he sought to add. Accordingly, contrary to Plaintiff's assertions, the dispute and net worth information upon which Plaintiff so heavily relies in his response brief has absolutely no bearing on the timeliness of Plaintiff's motion.

Finally, Plaintiff contends that even if there was undue delay, same was warranted because his attorney Mario Kris Kasolo has long-term Covid-19 effects that have "substantially hindered his ability to work." ECF #80, p. 9. Apart from amounting to nothing more than a conclusory assertion with no facts, affidavits or medical diagnosis to support the effects and timeline at issue, Mr. Kasolo's active participation within the Northern District of Illinois in other cases in recent months tends to refute Plaintiff's suggestion that he could not file earlier. Specifically, since April 12, 2021, Mr. Kasolo has actively litigated numerous other cases within the Northern District, engaging in motion practice, briefing and other filings. *See e.g.*, *Calvin Smith v. Cavalry Portfolio Services, LLC et al.*, N.D. Ill. Case No. 1:20-cv-01375 at ECF #61 (6/1/21), #64 (6/14/21), #67 (7/2/21), #69 (7/6/21), #71 (7/13/21), #73 (7/19/21), #75 (8/10/21), #78 (8/12/21); *Enrique Marcano v. Nationwide Credit and Collection, Inc.*, N.D. Ill. Case No. 1:20-cv-01803 at ECF #116 (6/29/21), #121 (7/14/21), #125 (8/5/21), #127 (8/13/21), #131 (8/20/21), #135 (9/2/31); *Donna Hill v. LVNV Funding, LLC*, N.D. Ill. Case No. 1:20-cv-01933 at ECF #37 (8/19/21), #39 (8/26/21), #40 (8/26/21); *Calvin J. Choice v. Unifund CCR, LLC et al.*, N.D. Ill. Case No. 1:19-cv-05773 at ECF #108 (7/12/21); *Mario Perea v. Codilis & Associates, P.C. et al.*, N.D. Ill. Case No. 1:18-cv-

---

[4] As evidenced by the fact that Plaintiff only first served discovery requests seeking such information on November 3, 2021. *See* Discovery Requests attached hereto as **Exhibit A**. The timing of the service of the requests is also interesting as it seeks class information ***prior*** to any ruling on the motion for leave to add class claims. *Compare* **Exhibit A** *with* ECF #67 (granting motion for leave on November 4, 2021).

4

07364 at ECF #79 (5/7/21), #81 (5/21/21), #83 (5/28/21), #90 (10/13/21), #92 (10/21/21); *Milun Milisavljevic v. Midland Funding, LLC et al.*, N.D. Ill. Case No. 1:19-cv-08449 at EC #47 (7/29/21), #48 (8/5/21), #50 (8/6/21), #57 (9/28/21), #60 (10/12/21), #61 (10/14/21), #64 (10/19/21); *Kai Bandele v. The Wirbicki Law Group, LLC et al.*, N.D. Ill. Case No. 1:20-cv-04104 at ECF #49 (6/16/21), #53 (6/28/21), #61 (8/24/21), #62 (8/24/21), #65 (8/24/2021); *Robert Zutoft v. Nationwide Credit and Collection, Inc.*, N.D. Ill. Case No. 1:20-cv-06344 at ECF #22 (5/7/2021), #25 (5/28/21); *Cheryl Chisom v. AFNI, Inc.*, N.D. Ill. Case No. 1:20-cv-06565 at ECF #43 (4/26/21). Since April 12, 2021, Mr. Kasalo has even filed two (2) new cases. *See Berdell v. Velocity Investments, LLC et al.*, N.D. Ill. Case No. 1:21-cv-03282 (filed 6/18/21); *Ostojich et al v. Specialized Loan Servicing, LLC*, N.D. Ill. Case No. 1:21-cv-04852 (filed 9/13/21). No explanation is provided as to why the above-cited cases were more deserving of Mr. Kasalo's attention than this one. Nor is there any basis to assume that they were.

III.     THE AMENDED COMPLAINT IS BOTH PREJUDICIAL AND FUTILE.

SCS' objections based on prejudice and futility go hand in hand. As set forth in SCS' motion, Plaintiff's pursuit of class claims after a ruling on summary judgment unfavorable to SCS (and thus favorable to Plaintiff) creates a one-way intervention problem. Plaintiff claims otherwise by contending that the rule only exists when plaintiff moves for summary judgment, that SCS waived the rule regardless and that the summary judgment order does not invoke the rule. While it is true that the one-way intervention rule typically comes into play when a Plaintiff moves for summary judgment, the rule is not, on its face limited to such situations. Moreover, that the rule is usually only invoked when a Plaintiff moves is easily explained by the waiver rule Plaintiff raises. A defendant who moves for summary judgment <u>in the face of class claims</u> can be found to waive the protection of the rule. Here, however, there were no class claims filed or threatened at the time SCS moved for summary judgment. Nor was there any way for SCS to <u>know</u> that Plaintiff would

5

subsequently seek to add class claims more than one (1) year later. Accordingly, SCS cannot be said to have waived the protection of the one-way intervention rule.[5] *See Chicago College of Osteopathic Medicine v. George A. Fuller Co.*, 776 F.2d 198, 202 (7th Cir. 1985) ("Waiver is the voluntary and intentional relinquishment of a **known** right.") (emphasis added). To that end, the case cited by Plaintiff is inapposite. In *Oglesby*, the defendant moved for summary judgment after class claims had been filed, and thus "agreed to take the risk." *See Oglesby v. Rotche*, 1994 U.S. Dist. LEXIS 4866, *9-10 (N.D. Illinois Apr. 15, 1994). The same cannot be said for SCS.

Moreover, per the persuasive case cited by SCS, which Plaintiff fails to even acknowledge, let alone attempt to distinguish or challenge, the right applies in circumstances such as this when a plaintiff survives a defendant's motion for summary judgment. *See Weninger v. Gen. Mills Operations LLC*, 344 F. Supp. 3d 1005, 1011-12 n.5 (E.D. Wis. 2018) (denying defendant's motion for summary judgment without prejudice and conditionally certifying the class because "deciding the merits of the case before the opt-in period – assuming [plaintiff survived the summary judgment motion] – would create a one-way intervention problem").

Rule 23 simply does not allow a plaintiff to sit on proposed class claims for six (6) months or longer until a strategically advantageous moment. If Plaintiff wished to assert class claims he was obligated to pursue them diligently at the beginning of the lawsuit. *See* Fed. R. Civ. P. 23(c)(1)(A); *Premier Elec. Constr. Co. v. Nat'l Elec. Contractors Ass'n, Inc.*, 814 F.2d 358, 362 (7th Cir. 1987) ("Under the scheme of the revised Rule 23, a member of the class must cast his lot at the beginning of the suit and all parties are bound, for good or ill, by the results."). Plaintiff did not do so. And by his actions, not SCS', he has now created a one-way intervention problem. To be sure, SCS appreciates that district courts have discretion to grant leave to amend; here, however,

---

[5] For that same reason, Plaintiff's assertion that SCS moved for summary judgment "apparently to be able to later claim that class relief is barred" is unwarranted and unsupported on its face. *See* ECF #80, p. 7.

such a course of action is unwarranted based on undue delay, the one-way intervention rule and undue prejudice. Indeed, to stand on the November 4, 2021 order would blindside SCS with class claims more than nineteen (19) months into the litigation and after it had already moved for summary judgment thereby giving putative class members reason to join themselves to this suit. Such a result is extremely prejudicial and further warrants reversal of the November 4, 2021 Order.

IV. SCS DOES NOT HAVE TO DEMONSTRATE AN ABUSE OF DISCRETION.

Plaintiff ends his response brief by arguing that this is really an issue of whether the Court abused its discretion in granting the motion for leave. That is not the case, however, as said standard only applies upon appellate review. Rather the issue is: had the Court heard and considered the objections set forth above would it have ruled differently. In other words, SCS need not prove that the Court abused its discretion, it need only prove that reconsideration is warranted and provide this Court with a valid basis for denying the motion for leave upon reconsideration. SCS has clearly done both. Indeed, the six-month delay alone, per Seventh Circuit precedent, warrants denial of the motion for leave. *See Park v. City of Chicago*, 297 F.3d 606, 613 (7th Cir. 2002) (affirming denial of motion to amend and holding that, where the plaintiff "knew or should have known of the [defendant's] possible violation," her "six-month wait constituted undue delay"); *Johnson*, 10 F.3d at 1304 (four (4) months found to constitute undue delay).

CONCLUSION

For the reasons explained above and more fully in SCS' Motion (ECF #73), reconsideration of the November 4, 2021 Order is warranted and sufficient grounds exist to reverse the Order.

    Respectfully submitted,

    **SECURITY CREDIT SERVICES, LLC**

    /s/ *Katherine Saldanha Olson*
    Katherine Saldanha Olson (IL 6310080)
    Messer Strickler, Ltd.

7

                225 W Washington St., Ste. 575
                Chicago, IL 60606
                Phone: (312) 334-3444 (direct)
                Fax: (312) 334-3473
                kolson@messerstrickler.com

                ***Attorney for Defendant***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 29, 2021, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

<u>*/s/ Katherine Saldanha Olson*</u>
Katherine Saldanha Olson (IL 6310080)
Messer Strickler, Ltd.
225 W Washington St., Ste. 575
Chicago, IL 60606
Phone: (312) 334-3444 (direct)
Fax: (312) 334-3473
kolson@messerstrickler.com

***Attorney for Defendant***