# EXHIBIT

# C

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-cv-2369 |
| | ) | |
| | ) | Honorable Charles R. Norgle, Sr. |
| SECURITY CREDIT SERVICES, LLC, | ) | |
| d/b/a EQUIPRO INVESTMENTS, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S AMENDED AND SUPPLEMENTAL RESPONSES TO DEFENDANT'S

## FIRST SET OF DISCOVERY REQUESTS

Plaintiff, Michael Wood, by and through his attorneys, and in response to Defendant's

First Set of Interrogatories, Requests to Produce, and Requests to Admit, states as follows:

## INTERROGATORIES

1.    Identify by name, last known address and telephone number each individual likely

to have discoverable information relevant to the facts alleged with particularity in the pleadings,

identifying the subjects of the information.

**RESPONSE:** Objection, the information sought is not reasonably relevant to any claims or

defense. Subject to and without waving the previous objections, Plaintiff is not aware of any

persons who may have knowledge regarding the allegations contained in the Complaint, besides

Defendant, individuals at the credit reporting agencies (including Experian) and Plaintiff Michael

Wood who can be reached via his attorney Mario Kasalo, at the Law Office of Mario Kasalo,

Ltd., 4950 Madison Street PO Box 1425, Chicago, Illinois 60077.

2.    Identify by name, last known address, and telephone number the mortgage broker

referenced in Paragraphs 61 and 63 of Your Complaint.

**RESPONSE:** Amerisave, 3525 Piedmont Rd NE, 8 Piedmont Center - Suite 600, Atlanta, GA 30305.

**AMENDED RESPONSE:** After conducting a reasonable inquiry, Plaintiff does not know the name of the mortgage broker referenced in Paragraphs 61 and 63 of the Complaint.

3.     Identify all facts which support Your assertion that the Subject Debt was incurred for personal, family or household services.

**RESPONSE:** As stated in paragraphs 13-14 of Plaintiff's complaint, the Subject Debt was incurred making purchases for personal and household purposes, such as purchasing groceries for family use.

4.     Explain in detail the facts which caused you to dispute the Subject Debt.

**RESPONSE:** Plaintiff disputed the debt upon noticing the amount being reported by the original creditor was incorrect as it was inflated.

**AMENDED RESPONSE:** Plaintiff objects to the relevance of this request as the 7th Circuit has held that facts which caused Plaintiff to dispute the Subject Debt are irrelevant, as "Section 1692e(8) does not require an individual's dispute be valid or even reasonable. Instead, the plaintiff must simply make clear that he or she disputes the debt. *See DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010) ("[A] consumer can dispute a debt for 'no reason at all ....'"). *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346-347 (7th Cir. 2018). Thus, Defendant was required to communicate the fact of the dispute irrespective of whether the dispute has any merit.

Subject to and without waving the previous objections, Plaintiff disputed the Subject Debt as it was higher than what he remembered it could have been, as the credit limit was substantially lower than the amount sought for the Subject Debt by Defendant.

5.    Explain in detail any motivation you had to dispute the Subject Debt.

**RESPONSE:** As the amount being reported was incorrect, Plaintiff wanted the tradeline corrected.

6.    Identify all facts which support Your assertion that the amount reported for the Subject Debt by PenFed was inflated.

**RESPONSE:** Plaintiff saw that the amount being reported was higher than it should have been and thus was inflated.

**AMENDED RESPONSE:**  Plaintiff objects to the relevance of this interrogatory request as the 7th Circuit has held that facts which caused Plaintiff to dispute the Subject Debt are irrelevant, as "Section 1692e(8) does not require an individual's dispute be valid or even reasonable. Instead, the plaintiff must simply make clear that he or she disputes the debt. *See DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010) ("[A] consumer can dispute a debt for 'no reason at all ....'").

*Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346-347 (7th Cir. 2018). Thus, Defendant was required to communicate the fact of the dispute irrespective of whether the dispute has any merit.

Subject to and without waving the previous objections, Plaintiff disputed the Subject Debt as it was higher than what he remembered it could have been, as the credit limit was substantially lower than the amount sought for the Subject Debt.

7.    Identify all facts which You contend support that Your dispute of the Subject Debt was valid or justified.

**RESPONSE:** Plaintiff saw the amount being reported was incorrect and thus the dispute was valid and justified.

8.    Identify all facts which You contend support that following receipt of PenFed's May 16, 2017 letter Your continued dispute of the Subject Debt was valid or justified.

**RESPONSE:** The amount being reported was still inflated and thus Plaintiff continued to dispute the Subject Debt.

9.    Identify all debts that You have disputed with a creditor, debt collector and/or credit reporting agency in the last five (5) years.

**RESPONSE:** Objection, the information sought is not reasonably relevant to any claims or defenses.

**AMENDED RESPONSE:** Objection, the information sought is not reasonably relevant to any claims or defenses, is not proportional to the needs of the case, is unduly burdensome, is overly broad and is calculated to harass Plaintiff. The debts that Plaintiff has disputed "with a creditor, debt collector and/or credit reporting agency in the last five (5) years" has no bearing on any issues relating to this case and/or the fact that the Subject Debt was disputed in this case. Plaintiff further objects to the relevance of this request as Plaintiff's disputes of other alleged debts in no way bear on Defendant's liability or any other issues in this case as Defendant has a duty to communicate a dispute it knew or should have known irrespective of whether Plaintiff has disputed other alleged, unrelated debts other times.

10.    Identify all facts which You contend support Your allegation that SCS materially lowered Your credit score by failing to notate Your dispute.

**RESPONSE:** Defendant's failure to report the alleged debt with a dispute marker lowered my credit score, as a debt being reported without a dispute lowers a consumer's credit score more than a debt reported with a dispute. By failing to notate Plaintiff's dispute, SCS materially lowered my credit score.

**AMENDED RESPONSE:** Defendant's failure to communicate the fact that the Subject Debt was disputed caused the credit reporting agencies ("CRAs") to lower Plaintiff's credit score, but the CRAs would not have factored this debt into Plaintiff's credit score if Defendant had reported the dispute under guidelines used by the CRAs. See, i.e., *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 153 (4th Cir. 2008). *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 345 (7th Cir. 2018). ("[The defendant's] decision to report the debt but not the dispute resulted in a much lower credit score for [the plaintiff] than a report of both the debt and the dispute."). Investigation continues.

11.     Identify by creditor, balance, loan type, delinquency status, origination date, and off-bureau reporting date each and every tradeline affecting Your credit score during the one-year period preceding the filing of Your Complaint.

**RESPONSE:** Objection, the information sought is not reasonably relevant to any claims or defenses. Further, Defendant has failed to define "off-bureau reporting date" and Plaintiff is unaware of the meaning of the same.

**AMENDED RESPONSE:** Objection, the information sought is not reasonably relevant to any claims or defenses. On October 22, 2021, counsel for the parties conferenced regarding the meaning of "off-bureau reporting date" which defense counsel defined as the last date upon which a debt can legally be reported on a credit report, and the term "affecting". Subject to that definition, Plaintiff further objects on the basis that the request seeks information not within Plaintiff's knowledge, as Plaintiff is not a CRA and thus cannot know which tradelines "affect" Plaintiff's credit score as calculated by the CRAs, other than to know, as relevant to this case, that a tradeline with a noted dispute results in a higher credit score than a tradeline where a dispute is not noted. See *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 345 (7th Cir.

2018). ("[The defendant's] decision to report the debt but not the dispute resulted in a much lower credit score for [the plaintiff] than a report of both the debt and the dispute.").

Subject to and without waving the previous objections, see attached credit report, which Defendant's counsel stated, on October 22, 2021, would suffice if provided, as being responsive to this Interrogatory request.

12.     Identify whether You applied for credit in the one-year period preceding the filing of Your Complaint and if so, identify the loan type, amount, lender and date of application.

**RESPONSE:** Objection, the information sought is not reasonably relevant to any claims or defenses.

**AMENDED RESPONSE:** Objection, the information sought is not reasonably relevant to any claims or defenses, as Plaintiff does not allege that he applied for credit within the one-year period preceding the filing of the Complaint. Subject to and without waving the previous objections, see attached credit reports showing Capital One car loan application information and Capital One Auto loan Account details sheet, attached.

13.     Identify all persons who obtained a copy of Your credit report during the one-year period preceding the filing of Your Complaint and the details, including when and why, the person obtained a copy.

**RESPONSE:** Objection, the information sought is not reasonably relevant to any claims or defenses. Notwithstanding said objection, Plaintiff is unsure of the identity of all persons who obtained a copy of his credit report.

**AMENDED RESPONSE:** Objection, the information sought is not reasonably relevant to any claims or defenses. Notwithstanding said objection, Plaintiff is unsure of the identity of all persons who obtained a copy of his credit report between April 16, 2019 and April 16, 2020, as

this information is not within his personal knowledge but rather known only to the persons who obtained a copy of his credit report, and the CRAs. Subject to and without waving the previous objections, see attached credit reports showing credit report pulls.

     14.    Identify all Communications You had with or received from PenFed related to the Subject Debt, including the:

       a.  Date and time of the Communication;

       b.  Form of the Communication; and

       c.  Substance of the Communication.

**RESPONSE:** See Plaintiff's First Amended Complaint, specifically see paragraphs 19-20, See documents produced to date as well.

**AMENDED RESPONSE:** See Plaintiff's First Amended Complaint, specifically see paragraphs 19-20, See documents previously produced to date as well from Plaintiff's attorney to PenFed, and from PenFed to Plaintiff's attorney, again attached hereto.

     15.    Identify all Communications You had with or received from SCS related to any dispute of the Subject Debt, including the:

       a.  Date and time of the Communication;

       b.  Form of the Communication; and

       c.  Substance of the Communication.

**RESPONSE:** Objection, the information sought is equally available to Defendant.

**AMENDED RESPONSE:** See Complaint served on SCS on June 22, 2020, at 2:17 p.m., ECF #1.

     16.    Identify and describe with particularity all ways in which You claim to have been damaged by SCS' conduct alleged in Your Complaint, including but not limited to:

    a.  The nature of the damages;

    b.  The dates upon which You were damaged;

    c.  The amounts for which You were damaged; and

    d.  How the damages were calculated.

**RESPONSE:** Defendant's false credit reporting adversely impacted Plaintiff's credit reputation and creditworthiness, defamed Plaintiff's credit reputation. Plaintiff is seeking actual and statutory damages pursuant to 15 U.S.C. §1692k; Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), and such other or further relief as the Court deems proper.

**AMENDED RESPONSE:** Defendant's false credit reporting adversely impacted Plaintiff's credit reputation and creditworthiness, and defamed Plaintiff's credit reputation. Plaintiff lost sleep due to SCS' actions due to his worry about the effect that the false information had on his credit score and ability to obtain credit, specifically when he became aware that SCS was credit reporting the Alleged Debt without also having communicated that the Alleged Debt was subject to a dispute. As a result, Plaintiff stopped trying to fix the problem and temporarily suspended efforts to buy a home for his family, and to obtain credit. SCS' collection actions caused Plaintiff to experience negative emotions, including frustration, annoyance, agitation, and other garden variety emotional distress. SCS' collection actions caused Plaintiff to have a lower credit score and less credit-worthiness than he would have had if the dispute was noted on the Account tradeline. Plaintiff is seeking actual and statutory damages pursuant to 15 U.S.C. §1692k; Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), and such other or further relief as the Court deems proper.

    17.    Identify by name, last known address and telephone number each and every witness through whom You intend to prove damages and/or injury.

**RESPONSE:** Plaintiff is not aware of any other witnesses (aside from himself) concerning his injury and damages.

18.     Indicate whether You ever sought medical or professional treatment as a result of the conduct alleged in Your Complaint and describe the dates, substance of such treatment, and the name and address of the medical provider through whom you sought treatment.

**RESPONSE:** Plaintiff did not seek medical or professional treatment as a result of the alleged conduct.

19.     Identify any person (besides Your retained attorney) that You have spoken with concerning the subject matter of this lawsuit and state the substance of said Communication.

**RESPONSE:** Plaintiff has not spoken to any one concerning the subject matter of this lawsuit.

20.     Identify whether You were ever denied credit as a result of the conduct alleged in Your Complaint and describe with particularity the details of any such denial.

**RESPONSE:** Plaintiff is not in possession of the information or documents responsive to this request. Investigation continues.

**AMENDED RESPONSE:** Plaintiff has not been denied credit in the sense that an application for credit was rejected. However, upon information and belief, Plaintiff received a higher interest rate on a car loan via Capital One than he would have received had the dispute at issue been reported by Defendant. In that sense he was "denied credit". See attached car loan detail report.

21.     Identify each Person who assisted in, or supplied information used in, preparing answers to these interrogatories.

**RESPONSE:** Plaintiff was assisted by his attorney Mario Kris Kasalo in preparing answers to these interrogatories.

22.     Identify the reason(s) why You never disputed the Subject Debt with SCS
directly.

**RESPONSE:** Objection, the information sought is not reasonably relevant to any claims or
defenses. Notwithstanding said objection, Plaintiff believed that when SCS purchased the debt
from PenFed, SCS would have requested and received all material information in regards to the
Subject Debt, including Plaintiff's ongoing dispute of the Subject Debt.

23.     Identify all Complaints You filed in any state court, administrative agency,
attorney general's office, or federal court in which You are or were a complainant or plaintiff
and in which You alleged unlawful debt collection and/or credit reporting practices.

**RESPONSE:** Objection, the information sought is not reasonably relevant to any claims or
defenses.

## REQUESTS TO PRODUCE

1.     Produce all Documents identified in, referred to, and/or used in the answering of
the above interrogatories.

**RESPONSE:** See documents produced to date.

**AMENDED RESPONSE:** see attached documents and documents produced to date.

2.     Produce a copy of any Complaints You filed in any state court, administrative
agency, attorney general's office, or federal court in which You are or were a complainant or
plaintiff and in which You alleged unlawful debt collection and/or credit reporting practices.

**RESPONSE:** Objection, the information requested as to previous lawsuits is not relevant to
establishing Defendant's liability under the FDCPA, nor is it relevant to any applicable
affirmative defenses asserted by Defendant. Plaintiff further objects to this Request because it is
not proportional to the needs of the case.

3.    Produce any and all Documents that support any claim of Yours against SCS on the issue of liability and/or damages.

**RESPONSE:** See documents produced to date and in possession of Defendant.

**AMENDED RESPONSE:** see attached documents and documents produced to date, and in possession of Defendant.

4.    Produce complete un-redacted copies of the credit reports attached as Exhibits A and B to Your Complaint.

**RESPONSE:** Objection, the information is not relevant to establishing Defendant's liability under the FDCPA, nor is it relevant to any applicable affirmative defenses asserted by Defendant. Plaintiff further objects to this Request because it is not proportional to the needs of the case. Notwithstanding said objection please see documents produced to date.

**AMENDED RESPONSE:** Objection, the information is not relevant to establishing Defendant's liability under the FDCPA, nor is it relevant to any applicable affirmative defenses asserted by Defendant. Plaintiff further objects to this Request because it is not proportional to the needs of the case. Notwithstanding said objection please see documents produced to date, including credit reports attached as exhibits A & B to the complaint.

5.    Produce complete unreacted copies of Your credit reports since 2017.

**RESPONSE:** Objection, the information requested is overbroad as to time and scope, and is not relevant to establishing Defendant's liability under the FDCPA, nor is it relevant to any applicable affirmative defenses asserted by Defendant. Plaintiff further objects to this Request because it is not proportional to the needs of the case.

**AMENDED RESPONSE:** Objection, the information requested is overbroad as to time and scope, and is not relevant to establishing Defendant's liability under the FDCPA, unduly

burdensome, nor is it relevant to any applicable affirmative defenses asserted by Defendant.

Plaintiff further objects to this Request because it is not proportional to the needs of the case.

6. Produce all Communications You sent or received from SCS regarding Your dispute of the Subject Debt.

**RESPONSE:** Objection, the information sought is equally available to Defendant.

Notwithstanding said objection see documents produced and served to date.

**AMENDED RESPONSE:** See Complaint served on Defendant, ECF 1. See also tradelines reported on attached credit report by Defendant, which Plaintiff viewed and thus was "communicated" to him.

7. Produce all Communications You sent or received from PenFed regarding the Subject Debt.

**RESPONSE:** Objection, the information requested is overbroad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding the objection, see documents produced to date and/or attached to the complaint.

**AMENDED RESPONSE:** see letter to PenFed from Plaintiff's counsel, and from PenFed to Plaintiff's counsel, attached.

8. Produce copies of every dispute of a debt obligation made by You in the last five (5) years.

**RESPONSE:** Objection, the information requested is overbroad as to time and scope, and is not relevant to establishing Defendant's liability under the FDCPA, nor is it relevant to any applicable affirmative defenses asserted by Defendant. Plaintiff further objects to this Request because it is not proportional to the needs of the case.

**AMENDED RESPONSE:** Objection, the information requested is overbroad as to time and scope, and is not relevant to establishing Defendant's liability under the FDCPA, nor is it relevant to any applicable affirmative defenses asserted by Defendant. Plaintiff further objects to this Request because it is not proportional to the needs of the case.

9.      Produce the credit card statements for the Subject Debt.

**RESPONSE:** Objection, the information requested is overbroad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. Notwithstanding said objection, Plaintiff is not in possession of documents responsive to this request.

10.     Produce all work papers, notes, and documents of any expert witness who is expected to testify or who has written a report which is or will be relied upon, in whole or in part, by a testifying expert.

**RESPONSE:** Plaintiff is not in possession of documents responsive to this request. Plaintiff reserves the right to supplement if he comes into possession.

11.     Produce all expert reports that have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit if the expert is expected to or may testify in this lawsuit.

**RESPONSE:** Plaintiff is not in possession of documents responsive to this request. Plaintiff reserves the right to supplement if he comes into possession.

12.     Produce the Curriculum Vitae for any expert witness who is expected to testify or who has written a report which is or will be relied upon, in whole or in part, by a testifying expert.

**RESPONSE:** Plaintiff is not in possession of documents responsive to this request. Plaintiff reserves the right to supplement if he comes into possession.

13.    Produce all statements You have taken or received from any Person in any way connected with the allegations contained in this lawsuit.

**RESPONSE:** Objection, the information requested is overbroad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. Plaintiff further objects because this Request seeks information not relevant to any party's claims or defenses.

**AMENDED RESPONSE:** Objection, the information requested is overbroad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. Plaintiff further objects because this Request seeks information not relevant to any party's claims or defenses. Subject to and notwithstanding said objection, none.

14.    Produce any and all Documents which evidence any actual or other damages suffered by You as a result of the conduct complained of in Your Complaint.

**RESPONSE:** See Plaintiff's complaint. See documents produced to date.

**AMENDED RESPONSE:** See documents produced to date and those attached hereto.

15.    Produce any and all Documents which evidence or support that you suffered an injury as a result of the conduct complained of in Your Complaint.

**RESPONSE:** See Plaintiff's complaint. See documents produced to date.

**AMENDED RESPONSE:** See documents produced to date and those attached hereto.

16.    If it is Your contention that You suffered mental or physical injury (including emotional distress) as a result of the conduct complained of in Your Complaint, produce any copies of bills, records, diagnosis or other records concerning any medical treatment you received.

**RESPONSE:** Plaintiff is not in possession of documents responsive to this request. Plaintiff reserves the right to supplement if he comes into possession.

**AMENDED RESPONSE:** Plaintiff does not possess documents responsive to this request as he does not allege to have seen a medical professional as a result of the wrongdoing alleged in the complaint, and thus copies of bills, records, diagnosis or other records concerning any medical treatment he received do not exist.

17.     If it is Your contention that You were denied credit as a result of the conduct complained of in Your Complaint, produce copies of the relevant applications, correspondence and denials.

**RESPONSE:** Plaintiff is not in possession of documents responsive to this request. Plaintiff reserves the right to supplement if he comes into possession.

**AMENDED RESPONSE:** see attached Capital One auto loan account detail records.

18.     Produce copies of all Documents identified in Your Rule 26(a)(1) Disclosures.

**REPONSE:** See documents produced to date.

**AMENDED RESPONSE:** see documents produced to date and attached hereto.

19.     Produce copies of all Documents which You relied upon and/or based Your dispute of the Subject Debt.

**RESPONSE:** See Plaintiff's complaint. See documents produced to date.

**AMENDED RESPONSE:** see documents produced to date and attached hereto.

20.     Produce copies of all Documents which support Your assertion that the amount reported for the Subject Debt by PenFed was inflated.

**RESPONSE:** See Plaintiff's complaint. See documents produced to date.

**AMENDED RESPONSE:** see documents produced to date and attached hereto.

21.     Produce the enclosures to the May 16, 2017 letter from PenFed to your attorney at Credit Law Center.

**RESPONSE:** Plaintiff is not in possession of documents responsive to this request. Plaintiff reserves the right to supplement if he comes into possession.

By: */s/ Mario Kris Kasalo*
Mario Kris Kasalo

## REQUESTS TO ADMIT

1.      Admit that You owe the Subject Debt.

**RESPONSE:** Deny.

2.      Admit that You suffered no actual damage as a result of the alleged violations pled in Your Complaint.

**RESPONSE:** Deny.

3.      Admit that You suffered no injury as a result of the alleged violations pled in Your Complaint.

**RESPONSE:** Deny.

4.      Admit that You were never denied credit as a result of the alleged conduct pled in Your Complaint.

**RESPONSE:** Deny.

**AMENDED RESPONSE:** Deny. Plaintiff has not been denied credit in the sense that an application for credit was rejected. However, upon information and belief, Plaintiff received a higher interest rate on a car loan via Capital One than he would have received had the dispute at issue been reported by Defendant. In that sense he was "denied credit". Moreover, Plaintiff was denied credit opportunities and/or access to credit as he avoided applying for credit he otherwise would have sought, as a result of Defendant's actions.

5.      Admit that Your credit score was not affected by the alleged conduct pled in Your Complaint.

**RESPONSE:** Deny.

6.      Admit that Your credit report was never disseminated to any third-party during the one-year period preceding the filing of Your Complaint.

**RESPONSE:** Deny.

7.      Admit that You are a consumer plaintiff's attorney.

**RESPONSE:** Admit.

8.      Admit that You have represented at least dozens, if not hundreds, of consumers in Fair Debt Collection Practices Act cases over the years.

**RESPONSE:** Admit.

9.      Admit that You have personally filed lawsuits under the Fair Debt Collection Practices Act as a named Plaintiff in at least five (5) lawsuits, not counting Your Complaint.

**RESPONSE:** Admit.

10.     Admit that You are the Plaintiff in the following cases: Michael Wood v. J.M. Adjustment Services, LLC, N.D. Ill. Case No. 1:14-cv-07190; Michael Wood et al. v. Kovitz Shifrin Nesbit, N.D. Ill. Case No. 1:14-cv-10014; Michael Wood v. Credence Resource Management, LLC, N.D. Ill. Case No. 1:14-cv-10404; Michael Wood v. Catherine Elliot-Dunn, N.D. Ill. Case No. 1:15- cv-02041; Michael Wood v. Blitt and Gaines, P.C. et al., N.D. Ill. Case No. 1:15-cv-02042; Michael Wood v. Portfolio Recovery Associates, LLC, N.D. Ill. Case No. 1:16-cv-03594; Michael Wood v. Jaime R. Santana, P.C., N.D. Ill. Case No. 1:16-cv-04304.

**RESPONSE:** Admit.

11.     Admit that at all relevant times You knew how to dispute the Subject Debt with SCS.

**RESPONSE:** Admit.

12.     Admit that You never disputed the Subject Debt directly with SCS.

**RESPONSE:** Deny.

13.     Admit that as a matter of practice You dispute delinquent debts appearing on your credit report regardless of whether the dispute is valid and/or justified.

**RESPONSE:** Deny.

14.     Admit that the balance reported for the Subject Debt by SCS is not inflated.

**RESPONSE:** Deny.

15.     Admit that You owe the Subject Debt as reported by SCS.

**RESPONSE:** Deny.

16.     Admit that You have several delinquent accounts affecting Your credit score.

**RESPONSE:** Deny.

17.     Admit that Your dispute of the Subject Debt was not justified.

**RESPONSE:** Deny.

18.     Admit that Your continued dispute of the Subject Debt following PenFed's May 16, 2017 letter was not justified.

**RESPONSE:** Deny.

Respectfully Submitted,

By:_____
Michael Wood

Mario Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
4950 Madison Street
PO Box 1425
Chicago, Illinois 60077
Ph: 312-726-6160
Fx: 312-698-5054
Mario.kasalo@kasalolaw.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that copies of **PLAINTIFF'S AMENDED AND SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS** were served via electronic mail on November 9, 2021, addressed to counsel of record below:

Katherine M. Saldanha Olson
Messer Strickler, Ltd.
225 W. Washington St.,Ste. 575
Chicago, IL 60606
kolson@messerstrickler.com

By: */s/ Mario Kris Kasalo*
Mario Kris Kasalo

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746(2), I hereby verify under penalty of perjury that the foregoing is true and correct and that I have personal knowledge of the factual statements set forth in response to these Interrogatory Responses.

Date: _____11/9/21_____

_____
Michael Wood